[741 NYS2d 120]

In the Matter of KEVIN B. DWYER (Admitted as KEVIN BRUCE DWYER), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 29, 2002

**APPEARANCES OF COUNSEL**

*Gary L. Casella,* White Plains (*Faith Lorenzo* of counsel), for petitioner.

*Robinson Silverman Pearce Aronsohn & Berman, LLP,* New York City (*James A. Altman* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition containing 11 charges of professional misconduct. In his answer, he admitted all of the factual allegations contained in the petition, except for two of the allegations contained in Charge Eight. By stipulation dated August 24, 2001, Charge Eight was amended, and the respondent admitted all of the factual allegations contained in the petition, as amended. He subsequently admitted his guilt of all of the charges, as amended, except those of Charges Ten and Eleven. After a hearing, the Special Referee sustained all 11 charges. The petitioner now moves to confirm the Special Referee's report. The respondent cross-moves to disaffirm the report insofar as Charges Ten and Eleven are sustained and to limit the sanction imposed to a suspension.

Charge One alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]), by making false statements and/or providing misleading information to the parties in a real estate transaction. In a real estate transaction between the Rosenblums (the sellers) and Sidney Goldstein and East Hudson Development (the purchasers), the respondent misrepresented to the sellers and/or the sellers' attorney that he received and deposited into an escrow account a $30,000 contract deposit. The respondent executed a document entitled "Member Interest Purchase Agreement" and acknowledged receipt of a $30,000 contract deposit when, in fact, he had not received that money. The respondent knew when he executed the document that he had not received the $30,000.

Charge Two alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]), by making false statements and/or providing misleading information to the parties in a real estate transaction. The respondent orally communicated with the law firm of Cole, Schotz, Meisel, Forman & Leonard, the attorneys for the sellers, and received written communications from them regarding his holding and/or forwarding of the $30,000 in escrow. The respondent did not advise the firm that he never received and/or never deposited the funds, but instead, led the sellers to believe that he was holding the $30,000 in escrow.

Charge Three alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law and/or engaged in conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]). The respondent, while employed by Stewart Title Insurance Company, accepted service of a summons and complaint from the law firm of Cole, Schotz, Meisel, Forman & Leonard, which named Stewart Title Insurance Company, among others, as a defendant. The respondent knowingly failed to inform anyone at Stewart Title Insurance Company of the existence of the lawsuit or that he had received the summons and complaint.

Charge Four alleged that, based on the foregoing factual allegations, the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]), by failing to disclose information to his employer.

Charge Five alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]), by making false statements and/or providing misleading information to the parties in a real estate transaction. In a real estate transaction between Bright Angel and DPL Development (hereinafter DPL), the respondent misrepresented to Bright Angel and/or its attorney that he received and deposited a $100,000 contract deposit into an escrow account. The respondent executed a document entitled "Joinder by Escrow Agent," thereby acknowledging receipt of the contract deposit. When the respondent executed that document, he knew that he had not received the contract deposit.

Charge Six alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]), by making false statements and/or providing misleading information to the parties in a real estate transaction. In a real estate transaction between Federal Tower, Inc. (hereinafter Federal), and DPL, the respondent misrepresented to Federal and /or Federal's attorney that he received and deposited a $100,000 contract deposit into an escrow account. The respondent executed a document entitled "Joinder by Escrow Agent," thereby acknowledging receipt of the contract deposit. When the respondent executed that document, he knew that he had not received the contract deposit.

Charge Seven alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresenta-

tion, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]), by making false statements and/or providing misleading information to the parties in a real estate transaction. In a real estate transaction between Hendrick Vietor and DPL, the respondent misrepresented to Vietor and/or Vietor's attorney that he received and deposited a $100,000 contract deposit into an escrow account. The respondent executed a letter dated June 4, 1999, from Daniel O'Connor, Esq., thereby acknowledging receipt of the contract deposit. When the respondent signed that letter, he knew that he had not received the contract deposit.

Charge Eight, as amended, alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]), by making false statements and/or providing misleading information to the parties in a real estate transaction. In a real estate transaction between Dobbs Affiliates (hereinafter Dobbs) and Sprain Brook Medical (hereinafter Sprain Brook), the respondent misrepresented to Dobbs and/or its attorney that he received and deposited a $100,000 contract deposit into an escrow account. The respondent submitted at least one document to a representative of Dobbs in which he indicated that he had received the down payment in the form of a check in the amount of $100,000 and that he had deposited that check in the escrow account for Stewart Title Insurance Company at the Bank of New York. When the respondent executed that document he knew that he had not received the contract deposit.

Charge Nine alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]), by making false statements and/or providing misleading information to the parties in a real estate transaction. The respondent admitted that he made a misrepresentation in another real estate transaction, which led to the termination of his employment at Stewart Title Insurance Company. In August 1999 the respondent, as a representative of Stewart Title Insurance Company, acknowledged receipt of a $400,000 escrow from Gary Meritt or DPL when, in fact, the money had not been received.

Based on the evidence adduced at the hearing, including the respondent's stipulation, the Special Referee properly sustained Charges One through Nine.

In determining the appropriate measure of discipline to impose, the respondent asks the Court to consider the follow-

ing eight mitigating factors: He has admitted his misconduct and is remorseful. He borrowed $400,000 and gave it to Stewart Title Insurance Company to ensure that no one suffered a financial loss as a result of his misconduct. He was not motivated by the promise of any corrupt monetary gain. He did not personally profit in any respect from his misconduct, which was undertaken in his role as a salesman and was entirely unrelated to the practice of law. Over the past several years, he has volunteered a considerable amount of time to charitable and community service work. His misconduct was aberrational, and he has good character.

The respondent's prior disciplinary history consists of a letter of caution, two letters of admonition, and a three-year suspension. The present misconduct occurred while the respondent was suspended from the practice of law and employed as a title insurance salesman for Stewart Title Insurance Company.

Under the totality of the circumstances, the respondent's disbarment is warranted.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and FLORIO, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted insofar as Charges One through Nine were sustained, and the motion is otherwise denied; and it is further,

Ordered that the respondent's cross motion to disaffirm the report of the Special Referee insofar as Charges Ten and Eleven were sustained is granted, and the cross motion is otherwise denied; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Kevin B. Dwyer, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Kevin B. Dwyer is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.